IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERTRAM EMEKEKWUE,** | : |
| | : CIVIL ACTION NO. 1:12-cv-1503 |
| Plaintiff, | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **IKE AGWUEGBO**, | : |
| | : |
| Defendant. | : |

## MEMORANDUM

Presently before the court is a motion to dismiss (Doc. 8) the amended complaint filed by defendant Ike Agwuegbo ("Agwuegbo"). Agwuegbo avers that Plaintiff Bertram Emekekwue's ("Emekekwue") amended complaint (Doc. 6) should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). For the reasons that follow, the motion will be denied.

**I.   Background**

    **A.   Statement of Facts**

Emekekwue brings this cause of action for defamation based on an email sent on December 8, 2011. (Doc. 6 ¶ 6). The email in question was sent in response to an email sent by Emekekwue on December 7, 2011. In the December 7, 2011 email, Emekekwue wrote to members of the Obosi Community Association of New York, Inc. ("OCA"):

> Please open your attached file to find OCA BYLAWS. I will advice [sic], that we follow the Procedure on electing new officers in accordance with our OCA BYLAWS. . . . PS. We should be careful not to elect any member that had [sic] been convicted of crime and went to Jail for said crime here in U.S. Since this association is [an] IRS 501 (C) 3 charter.

(Doc. 6-1, Ex. A).  In response, Agwuegbo sent the December 8, 2011 email, which stated:

> I read your write up with sheer amusement. You suffer apparently from selective amnesia. Applying your faulty reasoning and misunderstanding of the OCA bye-laws [sic] which are written in very plain english [sic], then, you stand disqualified from holding any position in OCA. It is on record that you were arrested for Robbery in Nigeria, you jumped bail and eloped to the United States. I dare you to contradict me and I will publish the newspaper clip on the story for all to see. You were arrested and detained in Pennsylania [sic] for raping your step daughter. We all were involved in helping you get out of that. But just in case you forgot, this [sic] same people you now attack contributed money and called your late wife on your behalf before eventually, the charges were dropped. Please stop threatening people with lawsuits. You are incapable of sustaining the battle that you seek to start. . . .

(Doc. 6-1, Ex. B).  Both emails were sent to members of the OCA community, which consists of approximately twenty-eight families located in New Jersey, New York, Connecticut, Maryland, and Pennsylvania.  (See Doc. 8-2).

B.     **Procedural History**

Emekekwue filed his original complaint on August 2, 2012. (Doc. 1). On August 21, 2012, Emekekwue filed an amended complaint.[1] The amended complaint clarified that Emekekwue resides at 2325 Locust Lane, Harrisburg, Pennsylvania 17109, with a postal mailing address at 1425 Crooked Hill Road, P.O. Box 60883, Harrisburg, Pennsylvania 17106. Emekekwue alleges that Agwuegbo's email contained false statements that were intended to "cause harm and ill thoughts of Plaintiff to the detriment of his good name and reputation." (Doc. 6, ¶ 8). Emekekwue further avers that Agwuegbo did cause harm to Emekekwue's reputation. (Id., ¶¶ 17, 19, 20). This case is brought pursuant to the court's diversity jurisdiction because Emekekwue is a Pennsylvania resident and Agwueugbo resides in New Jersey. (Id., ¶¶ 1, 5). In addition, Emekekwue maintains that this court has personal jurisdiction over Agwuegbo and that venue is proper because a substantial portion of the alleged harm occurred in Pennsylvania. (Doc. 6, ¶¶ 2, 3).

On August 23, 2012, Agwuegbo filed the instant motion to dismiss. (Doc. 8). The motion has been fully briefed and is ripe for disposition.

---

[1] The initial complaint stated that Emekekwue resided at "1425 Crooked Hill Road, Harrisburg, PA 17106." (Doc. 1, ¶ 4). Agwuegbo has subsequently filed a motion for sanctions (Doc. 13) as a result of this error, alleging that "Emekekwue and/or his Attorney" committed perjury. (Id.). The court will address this motion separately.

**II.     Discussion**

Agwueugbo asserts the following three jurisdictional grounds for dismissing Emekekwue's amended complaint:  (1) subject matter jurisdiction, (2) personal jurisdiction, and (3) venue.  The court will address these arguments *in seriatim*.

**A.     Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure is the proper tool by which parties may challenge a court's subject matter jurisdiction.  See Pa. Protection and Advocacy, Inc. v. Houston, 136 F. Supp. 2d 353, 359 (E.D. Pa. 2001); see also Gallethin Realty Dev., Inc. v. BP Products of N. Am., 163 Fed. App'x 146, 149 (3d Cir. 2006).  Parties may challenge subject matter jurisdiction "either as a facial or factual challenge."  See Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (holding modified on choice of law grounds in Simon v. United States, 341 F.3d 193 (3d Cir. 2003)); Mortensen v. First Fed. Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A party challenges subject matter jurisdiction "in fact" when he or she disputes the existence of jurisdictional facts alleged in the complaint.  Pa. Protection, 136 F. Supp. 2d at 359.  Notably, when "reviewing a factual attack, the court may consider evidence outside the pleadings." Gould, 220 F.3d at 176.  The plaintiff bears the burden of proof in establishing jurisdiction.  Moretnsen v. First Fed. Sav. Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  By contrast, when the challenge is facial, "the court must only consider the allegations of the complaint . . . in the light most favorable to the plaintiff."  Gould,

4

220 F.3d at 176; see also Mortensen, 549 F.2d at 891 ("[T]he court must consider the allegations of the complaint as true.").

In the instant matter, Emekekwue avers in his amended complaint that he is a resident of Pennsylvania. (Doc. 6 ¶¶ 1, 4-5). The parties do not dispute that Agwuegbo is a resident of New Jersey. (Id.) Agwueugbo challenges subject matter jurisdiction on the ground that Emekekwue is not a resident of Pennsylvania. (Doc. 8, ¶¶ 4-6). Specifically, Agwuegbo argues, albeit unclearly, that Emekekwue has failed to establish that he lives at 2325 Locust Lane nor has he established an intent to remain there. (Doc. 9, at 6-7).

Congress has granted federal district courts diversity jurisdiction in all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," provided, *inter alia*, that the matter

> is between . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332 (2006 & Supp. 2011). A natural person is a citizen of the state where he or she is domiciled. Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) (citing Gilbert v. David, 235 U.S. 561, 569 (1915)). In order to establish domicile, one must take up residence in a state with the intent to remain there. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)).

Agwuegbo admits that he is a permanent resident alien and that he resides in New Jersey. (Doc. 8, ¶ 7, 12). There is no dispute regarding Agwuegbo's domicile in New Jersey, nor is there a dispute over the jurisdictional threshold for the amount in controversy. Emekekwue can thus invoke this court's diversity jurisdiction only if he can establish citizenship in a state other than New Jersey.[2] Emekekwue has put forth sufficient evidence to establish that he is a citizen of Pennsylvania.

In his motion to dismiss, Agwuegbo claims that Emekekwue is not a citizen of Pennsylvania because an OCA directory, published in July 2011 (Doc. 10-2, ¶ 3), lists Emekekwue and his wife's address as 5028 Bridgeford Circle, Rosedale, Maryland. (Doc. 8-2, at 2). In response, Emekekwue submits several residential leases showing that he has resided in Pennsylvania since 2010. Specifically, Emekekwue entered into rental agreements for apartments in Harrisburg, Pennsylvania in January 2010, March 2010, and January 2011. (See Doc. 10-2, Exs. A, B, C). Emekekwue also attaches an affidavit confirming that, since approximately June 1, 2011, he has lived

---

[2] Agwuegbo also argues that this court does not have diversity jurisdiction because the Federal Courts Jurisdiction and Venue Clarification Act, Pub. L. 112-63, 125 Stat 758 § 101 (2011), states that "Resident Aliens are not deemed Citizens for Diversity Jurisdiction purposes." (Doc. 9, at 7). This argument is without merit. The Act placed a limitation on diversity jurisdiction in the context of permanent resident aliens by amending 28 U.S.C. § 1332 (a)(2) to read:

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

The statute clearly allows diversity jurisdiction in cases where, as here, a U.S. citizen and a permanent resident alien are domiciled in different states.

with Mr. Festus Odubo at 2325 Locust Lane, Harrisburg, Pennsylvania. (Doc. 10-2, at 2). Emekekwue acknowledges that his wife lives in Maryland, but insists that he resides in Pennsylvania with Odubo. (Id. at 3). Emekekwue states that he does not currently work due to a June 2011 injury and, therefore, he is unable to present evidence of current employment in Pennsylvania. However, Emekekwue has produced copies of his Pennsylvania driver's license (id., Ex. F), Pennsylvania Certificate of Voter Registration (id., Ex. H), and 2011 Pennsylvania Income Tax Return (id., Ex. I). Emekekwue further submits a letter written by Odoubo, dated April 1, 2011, attesting to the fact that Emekekwue lives with him. (Doc. 10-2, Ex. E). Although these documents do not explicitly vouch for Emekekwue's address as of the date of the initial court filing in this case—August 2, 2012—the court is satisfied that Emekekwue has put forth sufficient documentation to establish both residency and an intent to remain in Pennsylvania.

### B. Personal Jurisdiction

As with subject matter jurisdiction, plaintiff bears the burden of proving that this court has personal jurisdiction over the defendant. E.g., Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1222 (3d Cir. 1992). However, when the issue of personal jurisdiction is raised, the court "must accept all of the plaintiffs allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)).

Pursuant to Federal Rule of Civil Procedure 4(e), courts are authorized to exercise personal jurisdiction over a nonresident to the extent permitted under the law of the state where the district court sits. Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 1990); Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987). Pennsylvania's long-arm statute provides:

> [J]urisdiction of the tribunals of this Commonwealth shall extend to all [nonresident defendants] . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa. Cons. Stat. Ann. § 5322 (West 2010). Thus, the court's exercise of personal jurisdiction over Agwueugbo is proper as long as it does not violate the Due Process Clause of the Fourteenth Amendment, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980), which requires that "nonresident defendants have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (internal citations omitted).

To establish personal jurisdiction, a plaintiff must show either general or specific jurisdiction. If a party is subject to general jurisdiction, the court may exercise personal jurisdiction regardless of whether the subject matter of the cause of action has any connection to the forum. Id. However, both parties in the instant case agree that Agwueugbo is not sufficiently connected to Pennsylvania to be subject to the general jurisdiction of this court. (See Doc. 9, at 2; Doc. 10-2, at 1). Accordingly, the court must focus on the issue of specific jurisdiction.

8

The inquiry into specific jurisdiction is three-fold. "First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice." See Marten, 499 F.3d at 296 (internal citations and quotations omitted).

"[M]inimum contacts" can be established whenever a defendant "expressly aims" allegedly tortious conduct toward a state such that the state "is the focal point both of the story and of the harm suffered." Calder v. Jones, 465 U.S. 783, 789 (1984). This occurs when a defendant's allegedly tortious actions are "*expressly aimed*" at the forum state such that a defendant would know their alleged actions could have a devastating impact in the forum state and the brunt of the injury would be felt in the forum state. See id. at 789-90 (stating that defendants "wrote and . . . edited an [allegedly libelous] article that . . . [they] knew would have a potentially devastating impact upon respondent . . . . And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works."). The "effects test" focuses on "the unique relations among the defendant, the forum, [and] the intentional tort." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998). Personal jurisdiction can be satisfied only when the defendant expressly makes the forum the "focal point of the tortious activity." Id.

9

In the case *sub judice*, Agwueugbo's allegedly tortious activities establish sufficient "minimum contacts" with Pennsylvania to support specific jurisdiction over this matter. Indeed, Pennsylvania is the focal point of both the alleged harm and the alleged activity.

First, Emekekwue resides in Pennsylvania, and all of Emekekwue's children reside with him there. (Doc. 10-2, at 2). When the e-mail was sent, Emekekwue also worked in Pennsylvania. (Doc. 10-2, Ex. J). Under such circumstances, it is reasonable that the bulk of Emekekwue's alleged harm would be felt in Pennsylvania. See Calder, 465 U.S. at 789-90.

Second, Pennsylvania was the focal point on the alleged tortious activity because the pertinent email concerns Pennsylvania activities of a Pennsylvania resident. See Calder, 465 U.S. at 789 (concerning an allegedly libelous story involving "the California activities of a California resident."). The email explicitly references Pennsylvania: "You [*i.e.*, Emekekwue] were arrested and detained in Pennsylania [sic] for raping your step daughter. We all were involved in helping you get out of that." (Doc. 6-1, Ex. B). Moreover, Agwueugbo provided this court with an OCA directory, listing the addresses of twenty-eight OCA member families living in New Jersey, New York, Connecticut, Maryland, and Pennsylvania. (Doc. 8-2). Although Agwueugbo claims that Emekekwue resides in Maryland, it is clear from Agwuegbo's court filings that he knowingly sent the email to OCA families residing in Pennsylvania.

The court is mindful of the Supreme Court's oft-quoted admonition that the minimum contacts tests provides "few answers . . . in black and white" and that "[t]he greys are dominant and even among them the shades innumerable." Kulko v. Superior Court of Cal., 436 U.S. 84, 92 (1978) (quoting Estin v. Estin, 334 U.S. 541, 545 (1948); see also O'Conner v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 320 (3d Cir. 2007) (stating that no "mechanical or quantitative tests" can be used to establish personal jurisdiction). Nonetheless, after reviewing the circumstances in this case, the court finds it may maintain personal jurisdiction over Agwuegbo. The court believes that this result does comport with "'traditional notions of fair play and substantial justice," International Shoe Co., 326 U.S. at 316, as Agwuegbo directed his allegedly tortious activities at Pennsylvania and the alleged brunt of the harm was felt in Pennsylvania. Furthermore, Emekekwue has come forward with the following evidence to establish residency in Pennsylvania: multiple residential leases, a letter from his current friend/landlord stating that he resides in the Middle District of Pennsylvania, an affidavit from Emekekwue confirming that he lives with his children here, proof of prior employment in this district, a Pennsylvania driver's license, a Pennsylvania voter registration card, and a 2011 tax return. In contrast, Agwuegbo has only provided a single document from July 2011 that lists Emekekwue and his wife's residence in Maryland. The court finds that the bulk of the evidence weighs in favor of Emekekwue, and, hence, the court will maintain jurisdiction over this case.

**C.   Venue**

Finally, for the same reasons Agwuegbo challenges this court's juridiction, Agwuegbo argues that venue is improper in this district because Emekekwue actually resides in Maryland.  (Doc. 9, at 4).  Emekekwue counters that the greater weight of evidence establishes venue here because the defamatory acts were targeted at him in this district.  (Doc. 10-2, at 3).  Unlike jurisdictional inquiries, when challenging venue, the defendant ordinarily bears the burden of showing improper venue.  Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).

The federal venue statute provides that, in diversity cases, a suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . ."  28 U.S.C. § 1391(b)(2) (2006 & Supp. 2011).  However, a court may transfer venue "[f]or the convenience of the parties and witnesses [or] in the interest of justice . . . [to] any other district or division where [an action] might have been brought or any district or division to which all parties have consented."  See 28 U.S.C. § 1404(a).  Although venue may be proper in more than one jurisdiction, the statute makes clear that the events or omissions supporting a claim in a given jurisdiction must be "substantial."  See Bockman v. First Am. Mktg., 459 Fed. App'x 157, 161-62 (3d Cir. 2012) (collecting cases); see also Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).  This requirement "preserve[s] the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  Bockman, supra, at 161 (citing Cottman, supra).

12

In determining whether events or omissions giving rise to a cause of action are "substantial" in a given jurisdiction, the Third Circuit has held that the test "is not the defendant's 'contacts' with a particular district, but rather the *location* of those 'events or omissions giving rise to the claim.'" Bockman, supra (emphasis added). In addition, "substantial" is only determined by looking at the "nature of the dispute." Id. at 295; see also BABN Technologies Corp. v. Bruno, 25 F. Supp. 2d 593, 597 (E.D. Pa. 1998).

In this case, venue is proper in this district. Emekekwue resided in the Middle District of Pennsylvania when Agwuegbo allegedly sent the defamatory email. The brunt of Emekekwue's alleged harm has likely been felt in this district because this is where he, his children, his friend/landlord, his former employer, and other member families of the OCA reside. Moreover, Agwuegbo sent the alleged defamatory email to Emekekwue, thus directing the communication towards this district. Further, the email directly discusses actions alleged to have taken place in Pennsylvania. See Keeton v. Hustler Magazine Inc., 465 U.S. 770, 780 (1984) (finding that, in defamation suits, the bulk of the harm is felt in a plaintiff's home state) (holding recognized in Remick v. Manfredy, 238 F.3d 248, 258-59 (3d Cir. 2001)). Based on this limited set of facts, the court finds that venue is satisfied under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the instant claim occurred in this district.[3]

---

[3] The court also notes that defendant has not requested a transfer of venue, but rather requests that this court dismiss the case in its entirety.

As a final matter, the court would be remiss if it failed to mention the expansive growth of internet communications, which poses substantial difficulty for courts in applying traditional analyses of jurisdictional doctrines and venue.[4] Nevertheless, when looking at the "nature of the dispute," id., where special harm to the plaintiff's reputation is a critical element in the cause of action, and where the allegedly defamatory email was purposely delivered to the plaintiff who resides in this district, the court believes that venue is proper.  The essential element of fairness is preserved because this district has a clear relationship to the underlying dispute.  See, e.g., Cottman Transmission Sys., Inc., 36 F.3d at 294.

## III.   Conclusion

For the foregoing reasons, Agwuegbo's motion to dismiss (Doc. 8) the amended complaint will be denied.  An appropriate order follows.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     November 1, 2012

---

[4] See generally, e.g., Jason H. Eaton, Effect of Use, or Alleged Use, of Internet on Personal Jurisdiction in, or Venue of, Federal Court Cases, 155 A.L.R. FED. 535 (originally published in 1999) (analyzing cases in which courts have considered personal jurisdiction and venue based on defendant's alleged use of the Internet).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BERTRAM EMEKEKWUE,** | : |
| | : **CIVIL ACTION NO. 1:12-cv-1503** |
| **Plaintiff,** | : |
| | : **(Judge Conner)** |
| v. | : |
| | : |
| **IKE AGWUEGBO,** | : |
| | : |
| **Defendant.** | : |

## <u>ORDER</u>

AND NOW, this 1st day of November, 2012, upon consideration of Ike Agwuegbo's motion to dismiss (Doc. 8) the amended complaint, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 8) is DENIED.

                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge