**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERTRAM EMEKEKWUE,** | : | **CIVIL ACTION NO. 1:12-CV-1503** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **IKE AGWUEGBO,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this 4th day of April, 2014, upon consideration of the motion (Doc. 31) *in limine* filed by Bertram Emekekwue ("Emekekwue") seeking exclusion at trial of certain exhibits identified by Ike Agwuegbo ("Agwuegbo") during a pre-trial conference on February 20, 2014, wherein Emekekwue contends that a Punch Newspaper clipping dated February 19, 1999 (Doc. 30 Ex. A); an affidavit authored by an individual identified as Kenechukwu Christian Okolocha ("Okolocha") with regard to missing police diary reports in Nigeria (<u>id.</u> Ex. B); various docket sheets from Pennsylvania state trial and magisterial district courts (<u>id.</u> Exs. C-D); and an email between Kingsley Offor and Emekekwue's deceased ex-wife, Venessa Emekekwue (<u>id.</u> Ex. E), are irrelevant or otherwise inadmissible under the Federal Rules of Evidence, and the court observing that Rule 401 defines relevant evidence as that which tends to make a fact of consequence more or less probable than it would be without the evidence, <u>see</u> FED. R. EVID. 401, and that relevant evidence in the defamation matter before the court is thus any evidence which tends to prove the truth or falsity of the allegations made against Emekekwue in a December 8,

2011 email drafted by Agwuegbo,[1] (Doc. 6-1 (asserting single claim of defamation arising from purportedly false criminal allegations in email)), and, following a thorough review of Emekekwue's allegations and the various exhibits submitted by Agwuegbo, the court concluding: *first*, that the Punch Newspaper article, a foreign document, has not been properly authenticated as required by Federal Rule of Evidence 902(3), see FED. R. EVID. 902(3) (requiring foreign documents to be "signed or attested by a person who is authorized by [the] foreign country's law to do so" and include a "final certification that certifies the genuineness of the signature and the official position of the signer or attester"), and is not sufficiently

---

[1] The text of Agwuegbo's email is as follows:

> Hi Bertram,
>
> I read your write up with sheer amusement. You suffer apparently from selective amnesia. Applying your faulty reasoning and misunderstanding of the OCA bye-laws [sic] which are written in very plain english [sic], then, you stand disqualified from holding any position in OCA. It is on record that you were arrested for Robbery in Nigeria, you jumped bail and eloped to the United States. I dare you to contradict me and I will publish the newspaper clip on the story for all to see. You were arrested and detained in Pennsylania [sic] for raping your step daughter. We all were involved in helping you get out of that. But just in case you forgot, this [sic] same people you now attack contributed money and called your late wife on your behalf before eventually, the charges were dropped. Please stop threatening people with lawsuits. You are incapable of sustaining the battle that you seek to start. . . .

(Doc. 6-1 Ex. B).

reliable to prove that Emekekwue was arrested for robbery in Nigeria, which is the document's apparent purpose, because the document does not clearly identify Emekekwue or otherwise prove that the plaintiff was charged with a crime, FED. R. EVID. 401 (evidence is relevant only if it tends to prove a fact of consequence), and that circumstances otherwise do not establish "good cause" to presume the article's authenticity, FED. R. EVID. 902(3)(B); *second*, that the Okolocha affidavit, apparently offered only to supplement the Punch Newspaper article and explain the lack of police records supporting the alleged crime in Nigeria, is inadmissible for all of the same reasons, <u>see</u> FED. R. EVID. 401 (evidence only admissible if it tends to prove a consequential fact), 902(3) (articulating requirements for authentication of foreign documents); *third*, that the email chain between Offor and Venessa Emekekwue is inadmissible because the author of the principal and pertinent contents of the communication, Venessa Emekekwue, is deceased and unavailable to testify as to the truth of the matters asserted therein at trial, <u>see</u> FED. R. EVID.  801(c) (defining hearsay as a statement made out of court offered at trial for the truth of the matter asserted), 802 (excluding hearsay from admission unless it falls within an exception to the rule against hearsay), that Agwuegbo failed to establish that the email falls within an exception to the hearsay rule, <u>see</u> FED. R. EVID. 803-804 (setting forth various exceptions to general inadmissibility of hearsay), and that the contents of the email are largely irrelevant to the facts of consequence at trial, <u>see</u> FED. R. EVID. 401, and highly prejudicial to Emekekwue, <u>see</u> FED. R. EVID. 403 (district courts may

exclude evidence when its prejudicial effect outweighs its probative value)[2]; but

*fourth*, that the state trial and magisterial district court docket sheets are relevant to

the matter *sub judice* to the extent that they are public records which tend to prove

facts material to litigation, *to wit*, whether Emekekwue was ever charged and

arrested for sexual assault of his stepdaughter in the United States, and are thus

admissible;[3] and for all of the foregoing reasons, it is hereby ORDERED that:

1. Emekekwue's motion (Doc. 30) *in limine* is GRANTED to the extent it seeks exclusion at trial of the Punch Newspaper article (Agwuegbo Exhibit 24), the Okolocha affidavit (Agwuegbo Exhibit 25), and the email conversation between Kingsley between Offor and Venessa Emekekwue (Agwuegbo Exhibits 7-8) at trial.

---

[2] The email itself shall be inadmissible at trial as unexcepted hearsay.  See Fed. R. Evid. 801-802.  The recipient of the email may testify as to its receipt and its effect, but the actual contents of the email may not be disclosed to the jury.  See id.

[3] The court reminds Agwuegbo that although it has determined that the documents *may* be relevant to a matter of consequence in this litigation, Agwuegbo will nonetheless need to lay a proper foundation for these documents at trial before they will be admitted into evidence and published to the jury.  Further, the docket sheets themselves do not make clear which of various charges pertain to conduct alleged in Agwuegbo's email and which, if any, are entirely unrelated.  For example, the docket sheets reflect convictions for harassment in 2005 and 2010, but also show that Emekekwue was charged, but not convicted, with simple assault, indecent assault, and endangering the welfare of children in April of 2005 and corruption of minors, indecent assault of a person less than 16 years of age, and harassment in August of 2005.  Such documents will *only* be admitted to the extent that they tend to prove the truth or falsity of those purportedly defamatory statements made in Agwuegbo's December 8, 2011 email.  See Fed. R. Evid. 401.  If this unclarity is not resolved prior to trial, the Rules of Evidence may compel exclusion of the evidence at trial as being more prejudicial than probative, see Fed. R. Evid. 403, and as not tending to prove a fact of consequence, see Fed. R. Evid. 401.

4

2.    The motion (Doc. 30) is DENIED to the extent it seeks exclusion at trial of the various state trial and magisterial district court docket sheets.  (Agwuegbo Exhibits 11-15).


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania